UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TANGGANG "DAN" YUAN | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 23-cv-12932-ADB |
| EIGHTFOLD AI INC., | * | |
| Defendant. | * | |

## **MEMORANDUM AND ORDER**

**BURROUGHS, D.J.**

Tanggang "Dan" Yuan ("Plaintiff" or "Yuan") brought this action in state court against his former employer, Eightfold AI Inc. ("Defendant" or "Eightfold"), alleging statutory violations arising out of and relating to his employment at the company. [ECF No. 1-1 ("Complaint" or "Compl.")]. Specifically, Yuan claims violations of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148 for failure to pay earned vacation time, interference and retaliation for attempting to use earned sick time and failure to pay earned sick leave under Mass. Gen. Laws ch. 149 § 148C, retaliation for attempting to use paid family leave contrary to Massachusetts Paid Family Medical Leave, Mass. Gen. Laws ch. 175M, § 9, and associational disability discrimination in violation of Mass. Gen. Laws ch. 151B. [Compl.]. Now pending before the Court is Defendant's motion to transfer the action to the United States District Court for the Northern District of California. [ECF No. 11 ("Motion" or "Mot.")]. For the reasons set forth below, the Motion is <u>GRANTED</u>.

## I. BACKGROUND

### A. Factual Background

Yuan, a trained economist, is a resident and citizen of Massachusetts. [Compl. ¶¶ 1, 7]. Eightfold uses artificial intelligence "to help companies recruit and retain a diverse global workforce," [id. ¶ 6], and is incorporated in Delaware with a principal place of business in Santa Clara, California, [id. ¶ 2].

After accepting a twelve-month employment offer with Eightfold, Yuan began working for the company on November 15, 2021 and worked there uninterrupted until April 2022, when he took a three-month unpaid leave of absence to care for his ill father. [Compl. ¶¶ 3, 8, 10; ECF No. 16 ("Opposition" or "Opp'n") at 1–2]. Upon Yuan's return to Eightfold on August 1, 2022, the company assured him that his one-year contract would be extended by three months. [Compl. ¶ 11]. Then, in or around October 2022, Eightfold extended Yuan's contract once again through March 2023. [Id. ¶ 13].

Approximately one year after he had started working for Eightfold, on November 7, 2022, Yuan asked Eightfold's Human Resources ("HR") department whether he was eligible for parental leave, in light of the premature birth of his twin babies who required extensive medical care. [Compl. ¶¶ 16, 17]. Although he was initially advised that he was eligible for paid parental leave, Eightfold's HR representative informed him on November 14, 2022 that he was not, but that he might qualify for the Massachusetts Paid Family and Medical Leave program. [Id. ¶¶ 17, 18]. The same day, Yuan followed up with the company's HR department, asking "how many days of both [personal time off ("PTO")] and sick leave he had available and when he would be eligible for the

company's parental leave program." [Id. ¶ 19]. Eightfold did not respond to Yuan's additional queries. [Id.].

Thereafter, on or around November 18, 2022, Eightfold informed Yuan that his employment at the company would be terminated at the end of the year, a few months prior to when his employment was set to expire in March 2023. [Compl. ¶ 20]. As a result, Yuan's employment with Eightfold ended on December 31, 2022. [Id. ¶¶ 20, 23]. While employed at Eightfold, Yuan did not receive or get paid for any accrued sick leave or PTO. [Id. ¶¶ 22, 23].

Yuan's employment at Eightfold was governed by the parties' employment agreement. [ECF No. 13-1 ("Employment Agreement"). The following provision of the Employment Agreement between Yuan and Eightfold is relevant here:

> 9. **Interpretation, Amendment and Enforcement**. . . . The terms of this letter agreement and the resolution of any disputes as to the meaning, effect, performance or validity of this letter agreement or arising out of, related to, or in any way connected with, this letter agreement, your employment with the Company or any other relationship between you and the Company (the "Disputes") will be governed by California law, excluding laws relating to conflicts or choice of law. <u>You and the Company submit to the exclusive personal jurisdiction of the federal and state courts located in San Mateo County, California, in connection with any Dispute or any claim related to any Dispute</u>.

[Employment Agreement at 3–4 (emphasis added)].

### B. Procedural History

Yuan filed his original Complaint on October 30, 2023 in the Massachusetts Superior Court for Middlesex County. [ECF No. 1 at 2]. On December 1, 2023, Eightfold removed the action to this Court on the basis of diversity jurisdiction, [id. at 1–3], and subsequently filed the motion to transfer pursuant to 28 U.S.C. 1404(a), [Mot.]. Yuan opposed the motion to transfer

3

on January 31, 2023, [Opp'n], Eightfold replied on February 20, 2024, [ECF No. 19 ("Reply")], and Yuan filed a sur-reply on March 4, 2024, [ECF No. 22 ("Sur-Reply")].

## II. LEGAL STANDARD

"[T]he appropriate way to enforce a forum-selection clause" is through § 1404(a). Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 60 (2013). As the Court in Atlantic Marine explained,

> [i]n the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve "the convenience of the parties and witnesses" and otherwise promote "the interest of justice."

Id. at 62–63 (quoting 28 U.S.C. § 1404(a)). "The calculus changes, however, when the parties' contract contains a forum-selection clause." Id. at 63. "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." Id. at 62. "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Id. Moreover, a "plaintiff, as the party defying the forum-selection clause, has the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id. at 63.

## III. DISCUSSION

Eightfold, relying on the California forum-selection clause in the Employment Agreement, which specifically provides that disputes "arising out of" and relating to Plaintiff's employment with Eightfold would be litigated in either state or federal court in California, argues that this action should be transferred to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). [ECF No. 12 at 1; Employment Agreement at 3–4 ("You and the Company submit to the exclusive personal jurisdiction of the

4

federal and state courts located in San Mateo County, California, in connection with any Dispute or any claim related to any Dispute.")]. In response, Yuan argues that the forum-selection clause is invalid because it is unenforceable under both Massachusetts and California law. [Opp'n at 4–7]. Yuan also asserts that there is "no guarantee that [his] substantive rights will be enforced outside the US District of Massachusetts," as the forum-selection clause expressly excludes the district court in California "from applying California choice/conflict of laws principals [sic] so as to apply Massachusetts law." [Id. at 4–5]. Yuan contends that, given this language, a California court might not apply relevant Massachusetts state law, such as the Wage Act at issue here, which would deprive him of his substantive rights under Massachusetts law. [Id.]. He further avers that in California forum-selection clauses in employment contracts are generally void as a matter of public policy, and in support points to the California Labor Code § 925,[1] which Courts have held "express[es] a strong public policy to protect employees from litigating labor disputes outside of their home state." [Id. at 5, 6 (quoting Karl v. Zimmer Biomet Holdings, Inc., No. 18-cv-04176, 2018 WL 5809428, at *2 (N.D. Cal. Nov. 6, 2018))].

### A. Validity of the Employment Agreement

As a threshold matter, Yuan argues that the Employment Agreement is invalid. Specifically, Yuan asserts that the provision "[disputes] will be governed by California law, excluding laws relating to the conflicts or choice of law," [Employment Agreement at 3–4 (emphasis added)], is so "poorly drafted . . . [that] there could have been no meeting of the minds." [Opp'n at 4]. This argument is without merit given that both parties manifested their

---

[1] The California Labor Code § 925 protects employees "who primarily reside[] and work[] in California, as a condition of employment," from being required "to adjudicate outside of California a claim arising in California." Cal. Labor Code § 925 (2017).

5

assent by signing the Employment Agreement. [Employment Agreement at 5]. Separately, the Court notes the clause "excluding laws relating to the conflicts or choice of law" is a standard choice of law provision and Yuan has not directed the Court to any case law suggesting the contrary. See [Opp'n at 4]. As such, the Court is satisfied that the Employment Contract constitutes a valid contract.

### B. Enforceability of the Forum-Selection Clause

The Court now turns to whether the forum-selection clause is enforceable. Under federal common law,[2] "the threshold question in interpreting a forum-selection clause is whether the clause at issue is permissive or mandatory." Claudio-De Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 46 (1st Cir. 2014) (quoting Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 17 (1st Cir. 2009)). Permissive forum-selection clauses "authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere," whereas mandatory forum-selection clauses require that litigation occur "exclusively in the designated forum." Id. (quoting 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and

---

[2] As a practical matter, the Court need not decide whether to apply Massachusetts, California, or federal common law in evaluating this issue, as both Massachusetts and California follow the federal common law approach. See Stars for Art Prod. FZ, LLC v. Dandana, LLC, 806 F. Supp. 2d 437, 446 (D. Mass. 2011) (noting that "there is no material discrepancy between Massachusetts's state law and federal law" on the enforceability of forum-selection clauses); Schlessinger v. Holland America, N.V., 16 Cal. Rptr. 3d 5, 9 (Cal. Ct. App. 2004) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)) ("Both California and federal law presume a contractual forum selection clause is valid and place the burden on the party seeking to overturn the forum selection clause."); see also Atlas Glass & Mirror, Inc. v. Tri-N. Builders, Inc., 997 F.3d 367, 374 (1st Cir. 2021) (bypassing the choice-of-law issue because the two relevant states, Massachusetts and Wisconsin, "follow[ed] the federal common-law standard").

Procedure § 3803.1 (3d ed. 1998)). Next, the Court must "ascertain[] [the forum-selection clause's] scope," id. at 47, namely, whether the forum-selection clause covers the claims at issue. Here, the language of the forum-selection clause, requiring the parties to "submit to the <u>exclusive personal jurisdiction of the federal and state courts located in San Mateo County, California</u> in connection with any Dispute or any claim related to any Dispute," [Employment Agreement at 3–4 (emphasis added)], is plainly mandatory. The Court also agrees with Eightfold's uncontested argument that the forum-selection clause is applicable to the claims at issue as they "aris[e] out of" and are in "relat[ion] to" Yuan's employment at the company. See [ECF No. 12 at 8]; see generally [Opp'n; Reply; Sur-Reply]. The Court thus finds the forum-selection clause is both mandatory and relevant to the claims in this case.

"The final step in evaluating the [forum-selection] clause involves asking 'whether there is some reason the presumption of enforceability should not apply.'" Claudio-De León, 775 F.3d at 48 (quoting Rafael Rodríguez Barril, Inc. v. Conbraco Indus., Inc., 619 F.3d 90, 93 (1st Cir. 2010)). This is because "mandatory and unambiguous" forum-selection clauses are "presumptively enforceable" absent a showing that "doing so would be 'unreasonable.'" Amyndas Pharms., S.A. v. Zealand Pharma A/S, 48 F.4th 18, 33 (1st Cir. 2022) (quoting Bremen, 407 U.S. at 10). The First Circuit has "articulated four grounds for deeming a forum-selection clause to be unenforceable." Id. Specifically, a court must determine if,

> (1) the clause is the product of "fraud or overreaching,"
>
> (2) enforcement would be "unreasonable and unjust,"
>
> (3) "proceedings in the contractual forum will be so gravely difficult and inconvenient that the party challenging the clause will for all practical purposes be deprived of his day in court," or
>
> (4) enforcement would "contravene a strong public policy of the forum in which suit is brought."

7

Id. (quoting Claudio-De León, 775 F.3d at 48–49). Beyond those four factors, courts may consider whether "public interest factors under the doctrine of forum non conveniens may sometimes provide support for rejecting enforcement," id., but those "public interest factors will rarely tip the balance," id. at 35, as "forum-selection clauses should control except in unusual cases," id. (quoting Atl. Marine, 571 U.S. at 64).

In his briefing, Yuan primarily focuses on how the forum-selection clause is unenforceable because it would contravene Massachusetts public policy by waiving his substantive rights, including under the Wage Act. See generally [Opp'n; Sur-Reply].[3] Yuan, however, has not given the Court any reason to believe that the District Court in California would not apply Massachusetts law or that Massachusetts law favors a local forum.

In Melia v. Zenhire, Inc., the Massachusetts Supreme Judicial Court "recognize[d] a presumption that forum-selection clauses are enforceable with respect to Wage Act claims." 967 N.E.2d 580, 595 (Mass. 2012). To rebut that presumption, Yuan would need to show that "(1) the Wage Act applies; (2) the selected forum's choice-of-law rules would select a law other than that of Massachusetts; and (3) application of the selected law would deprive [him] of a substantive right guaranteed by the [] Act." Id. Yuan has failed to rebut this presumption under prongs (2) and (3), as there is no basis for this Court to conclude that a California court will not properly consider applicable Massachusetts state law as appropriate. See e.g., Peak v. TigerGraph, Inc., No. 20-cv-11496, 2021 WL 1340855, at *3, 4 (D. Mass. Apr. 9, 2021) (concluding that plaintiff did not "offer any support for the proposition that the Northern District of California would be unable to apply Massachusetts law to the Wage Act claims" where the

---

[3] As discussed supra, Yuan's argument that the forum selection clause is invalid is without merit.

8

forum-selection clause provided that the employment contract "be governed by California law, excluding laws relating to conflicts or choice of law"); Capriole v. Uber Techs., Inc., No. 19-cv-11941, 2020 WL 1536648 (D. Mass. Mar. 31, 2020) (finding that "the California court faithfully applied Massachusetts law when considering plaintiffs' classification claims brought under the Massachusetts Wage Act." (citing Yucesoy v. Uber Techs., Inc., 109 F. Supp. 3d 1259, 1261–62, 1269–70 (N.D. Cal. 2015))); Home Prods. Int'l-N. Am., Inc. v. PeopleSoft USA, Inc., 201 F.R.D. 42, 43, 49 (D. Mass. 2001) (where the forum-selection clause similarly provided that "[t]his Agreement is made in and shall be governed by the laws of the State of California, without regard to its choice of law principles," this Court determined that the forum-selection clause was enforceable because "[a] judge of the Northern District of California is as surely competent to understand the relevant statutes of Massachusetts as is a judge of the United States District Court for the District of Massachusetts to understand any relevant California statutes.").[4] Thus, Yuan has not met his burden of establishing that the Employment Agreement's forum-selection clause should be set aside on public policy grounds or otherwise overcome the heavy presumption of its validity. Rivera, 575 F.3d at 18.

### C. Yuan's Remaining Arguments as to the Forum-Selection Clause's Unenforceability Under California Law

Yuan also makes several arguments that do not squarely fall within a forum-selection enforceability analysis, but for the sake of completeness, the Court will nonetheless address them. Under California law, Yuan asserts, "[e]mployment contracts such as the one at issue

---

[4] Plaintiff argues that Home Products is inapplicable because it involves "a business-to-business dispute regarding software license and service agreements." [Sur-Reply at 2]. This misconstrues the issue at hand, which is whether a federal court in California would apply statutory Massachusetts law. See Home Prods., 201 F.R.D. at 43, 49.

herein are adhesive contracts and thus procedurally unconscionable." [Opp'n at 6]. Yet, he has alleged no facts showing that he was offered the Employment Contract on a "take-it-or-leave it" basis or that the contract was otherwise one of adhesion. See Restatement (Second) of Conflict of Laws § 187 cmt. b (Am. L. Inst. 1971) (a contract of adhesion is "drafted unilaterally by the dominant party and then presented on a 'take-it-or-leave-it' basis to the weaker party who has no real opportunity to bargain about its terms."). Moreover, pursuant to California law, "a forum-selection clause within an adhesion contract will be enforced as long as the clause provided adequate notice to the [party] that he was agreeing to the jurisdiction cited in the contract." Tompkins v. 23andMe, Inc., 840 F.3d 1016, 1028 (9th Cir. 2016) (quoting Intershop Commc'ns v. Superior Court, 127 Cal. Rptr. 2d 847, 855 (Ct. App. 2002). Therefore, even assuming arguendo that the Employment Agreement was an adhesion contract, the forum-selection clause would still be upheld as long as Yuan "had adequate notice." Here, Yuan has proffered no facts indicating that he did not receive adequate notice. See [Compl. at 4–7; Opp'n at 1–3].

Yuan's proposition that the California Labor Code § 925 invalidates the forum-selection provision in the Employment Agreement on public policy grounds, [Opp'n at 5–7], is also unavailing. The California Labor Code § 925, by its terms, applies to employees *primarily* residing in California, and therefore, does not apply to Yuan, who is a resident and citizen of Massachusetts and works in Massachusetts. Cal. Lab. Code § 925.

### D. Eightfold's Motion to Transfer

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause," and "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Atl. Marine, 571 U.S. at 62. The Court finds no such circumstance in this case. Further, because

10

there is an enforceable forum-selection clause, Yuan's choice of forum (here, Massachusetts) is of no weight. Id. at 63. As noted above, enforcement of the clause would not be unreasonable or unjust, there is no credible suggestion of fraud or overreaching and enforcement of the forum-selection clause is not contrary to any relevant public policy. See supra.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that it is in the interest of justice to transfer this action to the U.S. District Court for the Northern District of California. See 28 U.S.C. § 1404(a); Atl. Marine, 571 U.S. at 62. Defendant's Motion to Transfer, [ECF No. 11]. is ALLOWED, and the Court hereby ORDERS that this action be transferred to the United States District Court for the Northern District of California.

**SO ORDERED.**

July 12, 2024 /s/ *Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE