Randall A. Miller, Esq. (State Bar No.: 116036)
rmiller@millerlawapc.com
Zachary Mayer, Esq. (State Bar No.: 199434)
zachary@millerlawapc.com
**MILLER LAW ASSOCIATES, APC**
411 South Hewitt Street
Los Angeles, CA 90013
Telephone: 800.720.2126
Facsimile: 888.749.5812

Charles F. Rodman, Esq. (*admitted pro hac vice*)
Michael V. Parras, Jr., Esq. (*admitted pro hac vice*)
Samuel J. Miller, Esq. (*admitted pro hac vice*)
**RODMAN EMPLOYMENT LAW**
5 Commonwealth Road, Suite 3C
Natick, MA 01760
Tel: (617) 820-5250

Attorneys for Plaintiff
TANGGANG "DAN" YUAN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANGGANG "DAN" YUAN,<br><br>Plaintiff,<br><br>v.<br><br>EIGHTFOLD AI INC.,<br><br>Defendant. | No.  3:24-cv-04238-AMO<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

## PARTIES

1.    The  Plaintiff,  Tanggang  "Dan"  Yuan,  resides  in  Cambridge, Massachusetts.

2.    The Defendant, Eightfold AI Inc. ("Eightfold"), is a foreign corporation incorporated under the laws of the State of Delaware and with a principal place of business in Santa Clara, California.

3.    Throughout his term of employment with Defendant, Plaintiff lived and worked in Cambridge, Massachusetts.

JURISDICTION

4.    This Court has jurisdiction of this case under 28 U.S.C. § 1332 because the citizenship of the parties is diverse and the amount in controversy exceeds $75,000.00.

FACTS

5.    Eightfold utilizes artificial intelligence to help companies recruit and retain a diverse global workforce.

6.    Plaintiff emigrated to the United States from China in 2015 to study at Harvard University. He received a PhD in Economics and spent several years working and teaching in Data Science and Economics.

7.    On or around November 4, 2021, Plaintiff accepted a job offer from the Defendant to work as an Economist with a base salary of $100,000.00 plus benefits. He started work on November 15, 2021.

8.    Plaintiff's job duties included writing and submitting academic publications aimed at increasing Eightfold's influence and exposure, presenting data and findings to Eightfold's outside consumers, and carrying out various research projects.

9.    In the Spring of 2022, Plaintiff's father, who lived in China, became ill and required invasive and extensive medical treatment. As his parents' only child,

Plaintiff returned to China to care for his father. In April of 2022, the Plaintiff began a three-month unpaid leave of absence.

10.    Upon Plaintiff's return to work on August 1, 2022, his Reporting Manager, Hicham Zahr, informed him that his twelve-month contract would be automatically extended by three months.

11.    Shortly thereafter and also in August of 2022, Plaintiff began reporting to Sania Khan.

12.    In or around October of 2022, Ms. Khan informed Plaintiff that his contract would be extended through March of 2023.

13.    Throughout his tenure, Plaintiff's research projects were routinely published on the Defendant's website and praised by his supervising manager and colleagues.

14.    In May of 2022, Plaintiff and his partner conceived through surrogacy. Plaintiff and his partner learned they were expecting twins.

15.    On November 7, 2022, the twin babies were prematurely born at 25 weeks. They required extensive medical attention and numerous surgeries in a neonatal intensive care unit.

16.    On November 10, 2022, Plaintiff contacted Defendant's Human Resources Department and inquired about parental leave. Plaintiff was initially advised that he was eligible to take paid company parental leave.

17.    On November 14, 2022, a Human Resources representative for the

Defendant informed the Plaintiff that he was not eligible for the company's parental leave program but that he may be eligible for leave pursuant to the Massachusetts Paid Family and Medical Leave program.

18.     On November 14, 2022, Plaintiff followed up with Defendant's Human Resources representative to request time off in order to care for his premature babies and ask how many days of both Paid Time Off ("PTO") and sick leave he had available and when he would be eligible for the company's parental leave program. These inquiries were not addressed.

19.     On or around November 18, 2022, and less than one week after Plaintiff requested leave, Defendant informed Plaintiff that he would be terminated effective December 30, 2022.

20.     For the next six weeks, Plaintiff continued working every day for the Defendant, working remotely for many of those days from a Neonatal Intensive Care Unit while his premature son and daughter clung to life.

21.     Over the course of Plaintiff's employment with the Defendant, he never received any PTO or Sick Leave (paid or unpaid).

22.     On December 30, 2022, Plaintiff received his last paycheck and, to date, has not been paid for any accrued sick leave or PTO.

23.     Throughout the course of Plaintiff's employment, Defendant deducted Massachusetts state taxes from his paychecks.

24.     On January 21, 2023, Plaintiff's infant daughter passed away.

25.    On February 1, 2023, Plaintiff's infant son passed away.

26.    Plaintiff has timely satisfied all administrative requirements and other pre-requisites for bringing suit.

27.    On or about December 3, 2023, Plaintiff received a right to sue letter from the California Civil Rights Department.

<u>COUNT I</u>
<u>FAILURE TO PAY EARNED SICK TIME</u>

28.    Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

29.    Additionally, and/or alternatively, Plaintiff asserts that pursuant to Mass. Gen. Laws ch. 149, § 148C: (1) Plaintiff had accrued earned sick time within the meaning of the law; (2) Defendant did not allow Plaintiff to utilize his accrued sick time and otherwise refused to pay as required by Mass. Gen. Laws ch. 149, § 148C.

30.    As a direct and proximate result, Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of personal and professional reputation, emotional distress, and mental suffering.

<u>COUNT II</u>
<u>EARNED SICK TIME INTERFERENCE</u>

31.    Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

32.    Additionally, and/or alternatively, Plaintiff asserts that pursuant to

Mass. Gen. Laws ch. 149, §§ 148C(h), 148C(i), 150: (1) Plaintiff engaged in protected conduct when he requested to and/or sought to take sick time under Massachusetts earned sick time laws; (2) Defendant interfered with, restrained or denied Plaintiff from exercising or attempting to exercise a right or earned sick time under Mass. Gen. Laws ch. 149, § 148C; (3) Defendant thereafter took adverse employment action against Plaintiff and/or otherwise retaliated against or acted to restrain or deny Plaintiff from taking earned sick time; and (4) A causal connection existed between that protected activity and Plaintiff's termination.

33.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of personal and professional reputation, emotional distress, and mental suffering.

COUNT III
<u>SICK LEAVE RETALIATION</u>

34.    Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein.

35.    At all times relevant to this Complaint, the Defendant was an employer within the meaning of Mass. Gen. Laws ch. 149, § 148C.

36.    By the conduct alleged herein, the Defendant retaliated against \ Plaintiff for his attempts to exercise his right to use earned sick leave by using the taking of sick leave as a negative factor used to terminate him in violation of Mass. Gen. Laws ch. 149, § 148C.

37.    As a direct and proximate result of the Defendant's retaliatory acts, Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, loss of personal and professional reputation, emotional distress, and mental suffering.

<u>COUNT IV</u>
<u>RETALIATION IN VIOLATION OF PAID FAMILY MEDICAL LEAVE</u>

38.    Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein.

39.    Plaintiff provided Defendant with certification of the birth of his children, and/or otherwise collected the necessary documents and informed the Defendant of the event triggering his need for Family Medical Leave, consistent with Mass. Gen. Laws ch. 175M, §5(4).

40.    Plaintiff thereafter suffered an adverse employment action.

41.    A causal connection exists between the protected activity and the adverse action taken by Defendant against Plaintiff.

42.    Defendant presumptively retaliated against Plaintiff in violation of Mass. Gen. Laws ch. 175M, §9.

43.    As a direct and proximate result of Defendant's retaliatory acts, Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, loss of personal and professional reputation, emotional distress, and mental suffering.

1
2

COUNT V
VIOLATION OF THE MASSACHUSETTS WAGE ACT

3

4

5

44.     Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

6

7

8

9

10

45.     By the conduct alleged above, Defendant violated the Massachusetts Wage Act Mass. Gen. Laws ch. 149, §148, et. seq., in failing to provide payment to Plaintiff of earned vacation time and/or earned sick leave upon Plaintiff's termination.

11

12

13

14

46.     As a direct and proximate result, Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of personal and professional reputation, emotional distress, and mental suffering.

15

16

17

COUNT VI
ASSOCIATIONAL DISABILITY
DISCRIMINATION/RETALIATION IN VIOLATION OF CHAPTER 151B

18

19

20

47.     Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein.

21

22

23

24

25

26

27

28

48.     Additionally, and/or alternatively, Plaintiff asserts that pursuant to Mass. Gen. Laws ch. 151B, § 4(4): (1) Plaintiff engaged in protected conduct when Plaintiff requested a leave of absence and/or a workplace accommodation; (2) Plaintiff's premature son and daughter were at all times qualified handicapped individuals and Plaintiff was capable of performing the essential functions of his job with, or without, reasonable accommodation (3) Plaintiff suffered an adverse

employment action; and (4) A causal connection exists between Plaintiff's protected activity and/or his premature children's disability and that adverse action.

49.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress, and mental suffering.

<u>COUNT VII</u>
<u>FAILURE TO PAY EARNED SICK TIME IN VIOLATION OF THE HEALTHY WORKPLACES, HEALTHY FAMILIES ACT OF 2014 (LABOR CODE §§ 245-249)</u>

50.     Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

51.     California's Healthy Workplaces, Healthy Families Act of 2014, Labor Code §§ 245-249 ("HWHFA"), was enacted to provide employees who have worked in California for 30 or more days from the commencement of employment with paid sick days, to be accrued at least one hour for every 30 hours worked.

52.     At all relevant times, Labor Code § 246(c) has provided that "An employee shall be entitled to use accrued paid sick days beginning on the 90th day of employment, after which day the employee may use paid sick days as they are accrued."

53.    At all relevant times, Labor Code § 246.5(a) has provided that "Upon the oral or written request of an employee, an employer shall provide paid sick days for the ... [d]iagnosis, care, or treatment of an existing health condition of, or preventive care for, an employee or an employee's family member."

54.    At all relevant times, Labor Code § 233(a) has provided that "Any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, for the reasons specified in subdivision (a) of Section 246.5."

55.    At all relevant times, Defendant was Plaintiff's employer and thus governed by the California Labor Code, including Labor Code §§ 233 and 245-248.5.

56.    Plaintiff worked sufficient hours during his employment with Defendant to accrue paid sick leave under the HWHFA.

57.    Beginning in November 2022, and continuing to the present, Defendant has failed and refused to provide paid sick time to Plaintiff in violation of the HWHFA.

58.    As a direct and proximate result, Plaintiff has suffered damages including but not limited to loss of wages and benefits.

59.    Plaintiff is also entitled to all remedies set forth in Labor Code §§ 233(d), 233(e), and 233(f), including "reinstatement and actual damages" and "appropriate equitable relief," as well as "reasonable attorney's fees."

## COUNT VIII
## SICK LEAVE INTERFERENCE UNDER CALIFORNIA LABOR CODE § 233

60.    Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

61.    Labor Code § 233(c) provides that "An employer shall not deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventive care of a family member, or for any other reason specified in subdivision (a) of Section 246.5."

62.    Labor Code § 246.5(c) similarly provides that "An employer shall not deny an employee the right to use accrued sick days, discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using accrued sick days, [or for] attempting to exercise the right to use accrued sick days ...."

63.    At all relevant times, Defendant was Plaintiff's employer within the meaning of Labor Code § 233(b).

64.    Defendant interfered with Plaintiff's rights by failing and refusing to respond to Plaintiff's inquiries regarding the amount of leave available to him and by providing inaccurate, incomplete, and/or conflicting information regarding Plaintiff's eligibility for leave.

65.    Plaintiff was harmed by Defendants' interference because he was unaware of his rights and could not exercise his right to sick leave.

66.    By the conduct alleged herein, Defendant interfered with Plaintiff's right to use accrued sick leave in violation of Labor Code § 233.

67.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages including but not limited to loss of wages, benefits, and other compensation.

68.    Plaintiff is also entitled to all remedies set forth in Labor Code §§ 233(d), 233(e), and 233(f), including "reinstatement and actual damages" and "appropriate equitable relief," as well as "reasonable attorney's fees."

69.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer emotional and mental distress, depression, humiliation, anxiety, loss of enjoyment of life, and other non-economic damages in an amount to be ascertained at the time of trial.

70.    Defendant's conduct as alleged herein was taken by its managing agents and/or officers, and/or was ratified by its managing agents and/or officers. In undertaking the conduct alleged herein, Defendant's managing agents and/or officers

acted with oppression, fraud and/or malice (as those terms are defined in Civil Code section 3294(c)). As a result, Plaintiff is entitled to an award of punitive damages in an amount sufficient to deter Defendant and others similarly situated from such conduct in the future.

**COUNT IX**
**SICK LEAVE RETALIATION UNDER CALIFORNIA LABOR CODE § 233**

71.     Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

72.     California Labor Code § 233 prohibits    an    employer    from    using permissible sick leave as a basis to discipline an employee and prohibits an employer from discriminating or retaliating against an employee that asserts his or her rights to use allotted sick leave.

73.     In November 2022, Plaintiff exercised his right  under  Labor Code  § 233(c) to use paid "sick leave to attend to an illness or the preventive care of a family member."

74.     Defendant violated Labor Code § 233 by terminating Plaintiff because he sought to use paid sick leave.

75.     By the conduct alleged herein, Defendant discriminated and retaliated against Plaintiff for attempting to exercise his right to use sick leave in violation of Labor Code § 233(c).

76.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages including but not limited to loss of wages, benefits, and other compensation.

77.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer emotional and mental distress, depression, humiliation, anxiety, loss of enjoyment of life, and other non-economic damages in an amount to be ascertained at the time of trial.

78.    Defendant's conduct as alleged herein was taken by its managing agents and/or officers, and/or was ratified by its managing agents and/or officers. In undertaking the conduct alleged herein, Defendant's managing agents and/or officers acted with oppression, fraud, and/or malice (as those terms are defined in Civil Code § 3294(c)). As a result, Plaintiff is entitled to an award of punitive damages in an amount sufficient to deter Defendant and others similarly situated from such conduct in the future.

79.    Plaintiff also is entitled to all remedies set forth in Labor Code § 233(d), 233(e),  and 233(f),  including "reinstatement and actual damages" and "appropriate equitable relief," as well as "reasonable attorney's fees."

<u>COUNT X</u>
<u>RETALIATION IN VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT</u>

80.    Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

81.    At all relevant times, Defendant was Plaintiff's employer under the Fair Employment and Housing Act, Government Code §§ 12900 et seq. ("FEHA"), including the California Family Rights Act ("CFRA"), Government Code § 12945.2, et seq. ("CFRA").

82.    The CFRA provides that an eligible employee of an employer with five or more employees may take up to 12 weeks of family care and medical leave in any 12-month period. Gov. Code § 12945.2(a).

83.    The CFRA provides that "family care and medical leave" includes leave taken "for reason of the birth of a child of the employee." Gov. Code § 1295.2(b)(5)(A). "CFRA leave taken for reason of the birth ... of a child of the employee does not have to be taken in one continuous period of time. Any leave(s) taken shall be concluded within one year of the birth ... the child." Cal. Code Regs., tit. 2, § 11090. "There is no requirement that either the employee or child have a serious health condition in order for the employee to take CFRA leave." Cal. Code Regs., tit. 2, § 11093.

84.    To be eligible for CFRA leave, an employee must have "at least 1,250 hours of service with the employer during the previous 12-month period ..." Gov. Code § 12945.2(a).

85.    The CFRA makes it "an unlawful employment practice for an employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any

individual because of... [a]n individual's exercise of the right to family care and medical leave provided by subdivision (a)." Gov. Code § 12945.2(k).

86.    Plaintiff was eligible for leave under the CFRA at the time of his termination because (a) Plaintiff was an employee of Defendant; (b) Defendant directly employed five or more employees for a wage or salary; (c) at the time Defendant terminated Plaintiff, Plaintiff had more than 12 months of service with Defendant; (d) at the time Defendant terminated Plaintiff, Plaintiff had worked at least 1,250 hours for Defendant during the previous 12 months; and (e) Plaintiff had not taken and/or had not exhausted all available CFRA leave in the twelve-month period preceding his termination. Plaintiff was eligible for CFRA leave by reason of the birth of his children.

87.    Plaintiff requested leave for this protected purpose in November 2022.

88.    Defendant retaliated against Plaintiff for exercising his rights under the CFRA by terminating his employment.

89.    As a direct and proximate result, Plaintiff has suffered damages including but not limited to loss of wages, benefits, and other compensation.

90.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer emotional and mental distress, depression, humiliation, anxiety, loss of enjoyment of life, and other non-economic damages in an amount to be ascertained at the time of trial.

91.    Defendant's conduct as alleged herein was taken by its managing agents and/or officers, and/or was ratified by its managing agents and/or officers. In undertaking the conduct alleged herein, Defendant's managing agents and/or officers acted with oppression, fraud and/or malice (as those terms are defined in Civil Code § 3294(c)). As a result, Plaintiff is entitled to an award of punitive damages in an amount sufficient to deter Defendant and others similarly situated from such conduct in the future.

## COUNT XI
## FAILURE TO PAY WAGES UNDER CALIFORNIA LABOR CODE § 201

92.    The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

93.    Labor Code § 201 requires an employer to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination or within seventy-two (72) hours of resignation. If an employee gave seventy-two (72) hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation. Labor Code § 201.

94.    At all relevant times, Plaintiff was an employee of Defendant for purposes of Labor Code § 201.

95.    Defendant failed to pay Plaintiff all wages earned and unpaid prior to separation of employment in violation of Labor Code § 201.

96.    Defendant's failure to pay Plaintiff all wages earned prior to separation of employment was willful. Defendant had the ability to pay Plaintiff his wages, but intentionally adopted policies or practices incompatible with the requirements of Labor Code § 201.

97.    Under Labor Code § 201, Plaintiff is entitled to all wages and other benefits, including accrued vacation time and sick leave, earned prior to separation of employment that Defendant has yet to pay him.

98.    Under Labor Code § 203, Plaintiff is entitled to continuation of his wages, from the day Plaintiff's earned and unpaid wages were due until paid, up to a maximum of thirty (30) days.

99.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount, subject to proof.  Plaintiff is entitled to recover the full amount of his unpaid wages, continuation wages under Labor Code § 203, and interest thereon.

### COUNT XII
### ASSOCIATIONAL DISABILITY DISCRIMINATION AND RETALIATION UNDER CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

100.    Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

101.    Defendant discriminated and retaliated against Plaintiff based on his association with his disabled children by terminating his employment after he requested leave to care for them.

102.   As a direct and proximate result, Plaintiff has suffered damages including but not limited to loss of wages, benefits, emotional distress, and other compensation.

<u>REQUESTS FOR RELIEF</u>

**WHEREFORE,** Plaintiff prays that this Honorable Court grant the following relief:

I.      Judgment against Defendant;

II.     Damages, including compensatory (including double and/or trebled damages), emotional distress, punitive, and/or liquidated, to the Plaintiff, as authorized or mandated by applicable law, in an amount to be determined at trial;

III.    Compensation for Plaintiff of lost wages, benefits, and other renumeration with interest thereon.

IV.     Costs and any reasonable attorney's fees;

V.      Pre-judgment and post-judgment interest;

VI.     Appropriate injunctive, declaratory, and other equitable relief; and

VII.    Such other relief as this Honorable Court may deem just and appropriate under the circumstances.

<u>JURY DEMAND</u>

Plaintiff demands a jury trial on all claims herein.

1

2

RODMAN EMPLOYMENT LAW

3    Dated: December 2, 2024            */s/ Samuel J. Miller*

4                                        Samuel J. Miller

5                                        Attorneys for Plaintiff

6                                        TANGGANG "DAN" YUAN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28