UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANGGANG "DAN" YUAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EIGHTFOLD AI INC.,<br><br>　　　　　Defendant. | Case No. 24-cv-04238-AMO<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 74 |

Before the Court is Defendant Eightfold AI's ("Eightfold") motion to dismiss Plaintiff Tanggang "Dan" Yuan's Massachusetts state law claims for failure to state a claim. ECF 74. Because the motion is suitable for decision without oral argument, the Court **VACATES** the hearing set for June 5, 2025. *See* Civ. L.R. 7-6. Having carefully considered the parties' papers and the arguments therein, as well as the relevant legal authority, the Court hereby **DENIES** Eightfold's motion for the following reasons.

## I.　BACKGROUND

In November 2021, Yuan accepted a contracted job offer from Eightfold, a company with its principal place of business in California, and began work eleven days later.[1] Amended Complaint ("Am. Compl.") (ECF 71) ¶¶ 2, 6. At the time he was hired and at all times he worked for Eightfold, Yuan resided in Massachusetts, and Eightfold deducted Massachusetts state taxes from his paychecks. Am. Compl. ¶¶ 3, 23. In May 2022, Yuan and his partner learned that their surrogate was pregnant with twins. Am. Compl. ¶ 14. On November 7, 2022, the twins were born

---

[1] As it must, the Court accepts Yuan's allegations in the complaint as true and construes the pleadings in the light most favorable to him. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

1    prematurely and required extensive medical attention and numerous surgeries in a neonatal

2    intensive care unit. Am. Compl. ¶¶ 14, 15. On November 10, 2022, Yuan reached out to

3    Eightfold's human resources department, who initially informed him he was eligible to take paid

4    company parental leave. Am. Compl. ¶ 16. However, four days later, he was told he was in fact

5    ineligible for the company's parental leave program, but that he may be eligible for leave pursuant

6    to the Massachusetts Paid Family and Medical Leave program. Am. Compl. ¶ 16. Four days after

7    that, Eightfold informed Yuan that he would be terminated effective December 30, 2022. Am.

8    Compl. ¶ 19. Until his termination, Yuan continued to work for Eightfold, remotely from

9    Massachusetts, and much of the time from the neonatal intensive care unit. Am. Compl. ¶ 21. At

10   no point during his employment did Yuan receive any paid time off or sick leave, either paid or

11   unpaid. Am. Compl. ¶ 22.

12       Yuan filed the instant action in Massachusetts state court on October 30, 2023. ECF 1-1.

13   On December 1, 2023, Eightfold removed the case to the District of Massachusetts. ECF 1. On

14   January 10, 2024, Eightfold moved to transfer the case to this Court pursuant to 28 U.S.C.

15   § 1404(a). ECF 10. Yuan opposed, ECF 16, and on July 12, 2024, the Massachusetts court

16   granted the motion, ECF 24. On September 6, 2024, Eightfold moved this Court to dismiss

17   Yuan's Massachusetts state law claims on the basis that his employment agreement with Eightfold

18   is governed by California law. ECF 42. On December 2, 2024, Yuan moved to amend the

19   complaint to add claims under California law, ECF 67, which the Court granted, ECF 70. Yuan

20   filed an amended complaint the next day, ECF 71, and on January 27, 2025, Eightfold again

21   moved to dismiss Yuan's Massachusetts state law claims, ECF 74. On February 10, 2025, Yuan

22   filed an opposition. ECF 75. Eightfold did not file a timely reply, nor – to date – has it sought

23   leave to file a reply beyond its deadline.

24   **II.    DISCUSSION**

25       In addition to claims under California law, Yuan asserts violations of the Massachusetts

26   sick time statute, Mass. Gen. Laws ch. 149, § 148C (Counts I-III), the Massachusetts Paid Family

27   and Medical Leave statute, Mass. Gen. Laws ch. 175M, § 9 (Count IV), the Massachusetts Wage

28   Act, Mass. Gen. Laws ch. 149, §148 (Count V), and the Massachusetts Fair Employment Practices

1  Act, Mass. Gen. Laws ch. 151B, § 4(4) (Count VI).  Am. Compl. ¶¶ 28-59.  Eightfold moves to

2  dismiss Yuan's Massachusetts state law claims, arguing that this dispute is governed by California

3  law pursuant to a choice of law provision in Yuan's employment agreement, and thus, his

4  Massachusetts state law claims fail as a matter of law.  Eightfold's Motion to Dismiss ("Mot.")

5  (ECF 74-1).

6       A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal

7  sufficiency of the claims alleged in the complaint.  *Ileto v. Glock*, 349 F.3d 1191, 1199-1200 (9th

8  Cir. 2003).  Under Federal Rule of Civil Procedure 8, a complaint may be dismissed under Rule if

9  the plaintiff fails to state a cognizable legal theory or has not alleged sufficient facts to support a

10  cognizable legal theory.  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  While the court

11  is to accept as true all the factual allegations in the complaint, legally conclusory statements, not

12  supported by actual factual allegations, need not be accepted.  *Ashcroft v. Iqbal*, 556 U.S. 662,

13  678-79 (2009).  The complaint must proffer sufficient facts to state a claim for relief that is

14  plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 558-59 (2007) (citations and

15  quotations omitted).  A motion to dismiss based on a forum selection clause is treated as a motion

16  to dismiss for failure to state a claim under Rule 12(b)(6).  *Claudio-De León v. Sistema*

17  *Universitario Ana G. Mendez*, 775 F.3d 41, 46 (1st Cir. 2014).

18       When a case has been transferred from another state's federal court under 28 U.S.C.

19  1404(a), the choice of law provisions of the originating state govern.  *See Piper Aircraft Co. v.*

20  *Reyno*, 454 U.S. 235, 243 n.8 (1981).  The parties here agree that the choice of law analysis is thus

21  governed by Massachusetts law.  *See* Mot. at 4; Yuan's Opposition ("Opp.") (ECF 75) at 4.

22      **A.  Conflict of Laws**

23       The first step in the choice of law analysis is to determine whether there is an actual

24  conflict between the laws of the two states involved.  *Cohen v. McDonnell Douglas Corp.*, 450

25  N.E.2d 581, 584 n.7 (Mass. 1983).  Eightfold argues that because California state law provides

26  causes of action arising from the same factual allegations on which Yuan's Massachusetts state

27  law claims are based, no conflict exists.  Yuan does not dispute that his claims are actionable

28  under California law, but argues a conflict exists because there would be a difference in the

1    amount of damages to which he would be entitled under the wage laws of the two jurisdictions.

2    ECF 75 at 4.  Massachusetts courts find there is a conflict of law where there is a difference in

3    potential damages.  *See Elliott v. Pinnacle Med. Grp., LLC*, No. CV 19-11709-PBS, 2021 WL

4    6108199, at *1 (D. Mass. Feb. 18, 2021) ("Because there would be a difference in the amount of

5    damages available to [plaintiff] under the laws of the two proposed jurisdictions, a conflict of law

6    exists for the purposes of a choice of law analysis."); *Alharbi v. Theblaze, Inc.*, 199 F. Supp. 3d

7    334, 360 (D. Mass. 2016).

8           Here, a conflict exists between California and Massachusetts law because, if successful on

9    his claims, Yuan would be entitled to a different amount of damages depending on whether he

10   asserted claims under California's wage laws or their counterparts in Massachusetts law.  For

11   example, under California law, Yuan would be entitled to a maximum of one month's salary,

12   regardless of the amount of unpaid wages, Cal. Lab. Code § 203, while under the Massachusetts

13   Wage Act, he would be entitled to mandatory liquidated treble damages, Mass. Gen Laws ch. 149,

14   § 150, and to treble damages for lost wages he would have otherwise earned but for the retaliatory

15   actions, *Parker v. EnerNOC, Inc.*, 139 N.E.2d 328, 335 (Mass. 2020).  As to Yuan's sick time

16   retaliation claims, the Massachusetts Wage Act provides for prevailing employee's attorney's fees,

17   while not so under California law.  *Compare* Mass. Gen. Laws ch. 149, § 150 *with* Cal. Lab. Code

18   § 233(e).  Moreover, the California Family Rights Act requires plaintiffs to exhaust administrative

19   remedies within one year of the alleged unlawful practice and does not provide for treble damages,

20   Cal. Gov. Code §§ 12960, 12965, while Massachusetts's Paid Family and Medical Leave program

21   requires only that a plaintiff initiate litigation within three years of the violation, and potential

22   remedies include reinstatement to the same position, treble damages for lost wages, benefits and

23   other remuneration and the interest thereon, and reasonable costs and attorneys' fees, Mass. Gen.

24   Laws. Ch. 175 § 9(d).  Moreover, as it filed no reply, Eightfold has not disputed Yuan's argument

25   that the difference in potential recovery constitutes a conflict of law, and thus fails to show that

26   there is no conflict between California and Massachusetts law.

27   //

28   //

**B. Choice of Law**

Where there is a conflict of laws, courts must then engage in a choice of law analysis to determine which state's law should be applied. Eightfold argues Yuan's employment agreement requires application of California law. That provision reads:

> The terms of this letter agreement and the resolution of any disputes as to the meaning, effect, performance, or validity of this letter agreement or arising out of, related to, or in any way connected with this letter agreement, your employment with the Company or any other relationship between you and the Company (the "Disputes") will be governed by California law, excluding laws relating to conflicts or choice of law.

ECF 74-2. However, under Massachusetts law, a contractual choice of law provision is not dispositive where it does not clearly reference statutory claims. *Bean v. NICE Sys., Inc.*, No. CV 23-12394-BEM, 2025 WL 1248899, at *6 (D. Mass. Apr. 30, 2025); *see also Melia v. Zenhire, Inc.*, 967 N.E.2d 580, 590 (Mass. 2012) (holding "the contract's choice of New York law would not govern the Wage Act claim" because the contract made "no reference to statutory causes of action"). The provision in the agreement Yuan signed does not reference statutory causes of action. Thus, it does not dictate the law applicable to Yuan's claims.

The Court thus proceeds to conduct a choice of law analysis, which, under Massachusetts law, is a "functional" approach that responds to the "interests of the parties, the States involved, and the interstate system as a whole." *Bean v. NICE Sys., Inc.*, No. CV 23-12394-BEM, 2025 WL 1248899, at *5 (D. Mass. Apr. 30, 2025) (citing *Bushkin Associates, Inc. v. Raytheon Co.*, 393 Mass. 622, 631 (1985)). Pursuant to this approach, courts should apply the substantive law of the state with the most significant relationship to the transaction in the litigation. *Id.* (citing *Hendricks & Assocs., Inc. v. Daewoo Corp.*, 923 F.2d 209, 212 n.3 (1st Cir. 1991)). This approach is guided by the Restatement (Second) of Conflict of Laws, *Viscito v. Nat'l Plan. Corp.*, 34 F.4th 78, 83 (1st Cir. 2022), and instructs courts to identify the state with the most significant relationship by considering the following factors:

> 1) the place of contracting; 2) the place of negotiation of the contract; 3) the place of performance; 4) the location of the subject matter of the contract; and 5) the domicile, residence, nationality and place of incorporation of the parties; 6) the needs of the interstate and international system; 7) the relevant policies of the forum; 8) the interest of

those states in the determination of the particular issue; 9) the protection of justified expectations; 10) the basic policies underlying the particular field of law; 11) certainty, predictability and uniformity of result; and 12) ease in the determination and application of the law to be applied.

*Dunfey v. Roger Williams Univ.*, 824 F. Supp. 18, 20 (D. Mass. 1993) (internal citations omitted).

Massachusetts has a more significant relationship to the instant action than California. Massachusetts is the place of performance of the contract and the location of the subject matter of the contract, since Yuan resided in and worked remotely from Massachusetts. *Berrey v. Evolve Cellular, Inc.*, No. CV 23-11433-LTS, 2023 WL 11199739, at *9 (D. Mass. Oct. 31, 2023). Moreover, "[i]n general, it is fitting that the state whose interests are most deeply affected should have its local law applied." Restatement, § 6 cmt. f. Here, Massachusetts has a "fundamental policy interest in enforcing the Massachusetts Wage Act," which weighs strongly in favor of applying Massachusetts law. *Bean*, 2025 WL 1248899, at *5 (citing *Levesque*, 368 F. Supp. 3d at 312) (finding Massachusetts had the most significant contacts to the case where the plaintiff lived and worked there, and, "most importantly" because of Massachusetts's "fundamental policy interest"); *see also Berrey*, 2023 WL 11199739, at *9 (noting "the strongest factor" is Massachusetts's policy interest). Factors 3, 4, 7, and 8 thus favor application of Massachusetts law. So do factors 9, 11, and 12, as "considerations of expectations, certainty, predictability, uniformity and ease of determination of the proper law to apply are all served by the application of Massachusetts law." *Berrey*, 2023 WL 11199739, at *9 (noting these factors weigh in favor of applying Massachusetts law when determining wages owed to Massachusetts residents hired by and working remotely for out-of-state companies).

The remaining factors do not favor application of either state's law, as it is unclear in which state each party signed the agreement, and Yuan does not allege that he negotiated any terms of the contract – although the location of a contract's negotiation and execution is not dispositive of these factors in any event. *See Levesque*, 368 F. Supp. 3d at 312 (citing *Bushkin Assocs., Inc. v. Raytheon Co.*, 393 Mass. 622, 631, 473 N.E.2d 662, 668 (1985) (noting the choice of law question does not "turn on where the contract was made")). Factors 5, 6, and 10 also do not strongly favor application of either California or Massachusetts law. *See Berrey*, 2023 WL

6

11199739, at *9.

Weighing the factors, the Court finds Massachusetts has the most significant relationship to the instant action. Yuan began his employment with Eightfold in Massachusetts and resided there for the entirety of his employment at the company, during which time Eightfold deducted Massachusetts state taxes from his paychecks, Am. Compl. ¶¶ 3, 23, and Massachusetts has a policy interest in enforcing its wage laws. *See Levesque*, 368 F. Supp. 3d at 312 (finding Massachusetts had the most significant relationship with the litigation where, among other things, plaintiff worked from Massachusetts for years and defendant withheld Massachusetts income tax from plaintiff's pay).

Eightfold's cited authorities does not persuade the Court otherwise. In *Crowe v. Harvey Klinger, Inc.*, for example, the plaintiff had worked at the defendant literary agency's office in New York for over a decade before moving to Massachusetts, where she worked and resided for a year until resigning from the agency. No. CV 16-12033-JGD, 2018 WL 6819329, at *7 (D. Mass. Dec. 27, 2018). After her move, she visited New York occasionally and maintained an office there. *Id.* The plaintiff testified that after many years at the defendant agency, the effect of her move on her job was "[j]ust that [she] was doing it from Massachusetts." *Id.* In contrast, Yuan had no such existing employment with Eightfold prior to commencing remote work for the company in November 2021, had no office in California, and never visited California.

Eightfold further argues that the relevant contacts are so "widely dispersed between California and Massachusetts" that "determination of the state of the applicable law without regard to the parties' choice would present real difficulties," so the Court should honor the parties' choice of law – which, Eightfold contends, is California law. *See* ECF 74-1 at 8-9 (citing *Hodas v. Morin*, 442 Mass. 544, 552, 814 N.E.2d 320, 326 (2004)). Even if the Court were to determine that the parties had in fact contracted that California law would govern any statutory claims, Eightfold has not shown that the circumstances here present "real difficulties" like those presented by the complicated set of facts facing the Massachusetts Supreme Judicial Court in *Hodas*. In that case, genetic parents brought an action against their gestational carrier seeking a prebirth judgment of parentage. *Hodas*, 442 Mass. at 545. The parties resided in different states, and the hospital

7

chosen for the birth was in a third – Massachusetts. *Id.* at 548.  The parties contracted that Massachusetts law govern their agreement, even though none of the parties resided there. *Id*.  The court noted that many factors in the choice of law analysis were "difficult to determine," because, for instance, the "place of performance" and "subject matter of the contract" could have been in New York (where the pregnancy evolved and where some parties resided), Massachusetts (where the birth was intended to take place), or Connecticut (where the genetic carrier was inseminated and where some of the parties resided), or a combination of those locations. *Id.* at 552.  This difficulty in determining which state's law applied led the court to honor the parties' choice for Massachusetts law to govern. *Id.* at 552-53.  The instant action is between an employer in one state and its employee in another, and does not present comparable difficulties given Yuan's connections to Massachusetts and Massachusetts's policy interests in the dispute.  Eightfold has thus failed to show that California law governs this dispute and that dismissal of Yuan's Massachusetts state law claims is warranted.

### III. CONCLUSION

For the foregoing reasons, Eightfold's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 30, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**